## Chemical National Bank of Chicago v. City Bank of Portage.

1.   BANKS—*Note Signed by the Cashier.*—Where a bank authorizes the borrowing of money, and directs that a note be given for the same in the name of its cashier instead of its own, the note so given is the note of the bank, and not of the cashier.

2.   PROMISSORY NOTES—*Holder Under Blank Indorsement.*—The holder of a promissory note under a blank indorsement, is entitled to sue thereon.

Memorandum.—Assumpsit.   In the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding.   Trial by the court without a jury; finding for the plaintiff; error by defendant.   Heard in this court at the October term, 1894, and affirmed.   Opinion filed November 12, 1894.

BRIEF FOR PLAINTIFF IN ERROR, DUNCAN & GILBERT,
ATTORNEYS.

Neither the legal liability of an unnamed principal to be sued, nor his legal right to sue, on a negotiable instrument, can be shown by parol evidence.   Fuller v. Hooper, 3 Gray (Mass.) 314; Lerned v. Johns, 9 Allen (Mass.) 419; Brown v. Parker, 7 Allen (Mass.) 337; Daniel on Negotiable Instruments, Sec. 303.

252    APPELLATE COURTS OF ILLINOIS.

VOL. 55.]    Chem. Nat. Bk. of Chicago v. City Bk. of Portage.

With respect to a written contract not negotiable in its character the rule is different. Upon such a contract an undisclosed principal may be sued. Lerned v. Johns, 9 Allen (Mass.) 419.

BRIEF FOR DEFENDANT IN ERROR, TENNEY, McCONNELL & COFFEEN, ATTORNEYS.

It is entirely undisputed that the bank authorized the borrowing of the money, promised to pay the loan, and directed that the note be given in the name of its cashier instead of its own. The transaction presents every element of the ordinary case of an undisclosed principal contracting in the name of his agent.

These facts make the defendant bank liable on the note as principal. The rule on this subject is thus stated in Barker v. Garvey, 83 Ill. 184.

Where a party acts by an agent, the act is his and not that of the agent; and it is equally true that, where the agent does not disclose the name of his principal, the other party may, when he learns it, hold him responsible for its performance; and the converse of the proposition is also true. When the agent fails to disclose his principal, he may, on showing the agency, claim and enforce the contract, precisely as if entered into by himself. Even where the agent enters into a written contract it is competent for the principal to show by parol evidence that the agent was acting for him.

In Mechanics Bank v. Bank of Columbia, 5 Wheat. 326, the cashier of a bank signed his own name, without official designation, to a check; upon parol proof that he in fact acted on behalf of the bank and as its agent, the latter was held liable upon the check.

" The contract of the agent is the contract of the principal, and he may sue or be sued thereon, though not named therein; and notwithstanding the rule of law that an agreement reduced to writing may not be contradicted or varied in parol, it is well settled that the principal may show that the agent who made the contract in his own name was act-

ing for him. The proof does not contradict the writing; it only explains the transaction. But the agent who binds himself will not be allowed to contradict the writing by' proving that he was contracting only as agent, while the same evidence will be admitted to charge the principal. 'Such evidence (says Baron Parke) does not deny that the contract binds those whom, on its face, it purports to bind, but shows that it also binds another, by reason that the act of the agent is the act of the principal.'" Ford v. Williams, 21 How. (U. S.) 287; Higgins v. McCrea, 116 (U. S.) 671.

In Baldwin v. Newberry, 1 Wall. (U. S.) 234, a note payable to the cashier of a bank by name was sued upon in the bank's name, and on oral proof that the bank was the principal and the payee merely its agent, a recovery was sustained.

In Browne on Parol Evidence, Sec. 24, it is said: "In order to hold an undisclosed principal, extraneous evidence is admissible to show that the signer of an unsealed contract acted only as agent, although the contract does not name the real principal, and purports to have been made by the agent for himself. This evidence may be of an authorization by a principal, or where there was no original authority for the execution of the contract by the professing agent, parol evidence is competent to show that, with knowledge of all the facts, he expressly or silently acquiesced or accepted the benefits."

In Roberts v. Austin, 5 Wharton (U. S.) 313, this rule was applied to let in evidence that the drawer of a bill of exchange was in fact acting as agent.

In Daniel on Negotiable Instruments, Sec. 304, the rule is stated thus: "It is not absolutely necessary that the principal's peculiar name should be used; but he may, by adoption, use that of his agent, or his agent, by his authority, may use his own name for his principal's."

That an undisclosed principal may be held upon negotiable paper made by the agent in his own name is held in La Salle Nat'l Bank v. Tolu Rock & Rye Co., 14 Brad. 141; Baldwin v. Bank of Newberry, 1 Wall. (U. S.) 234.

254   APPELLATE COURTS OF ILLINOIS.

VOL. 55.]   Chem. Nat. Bk. of Chicago v. City Bk. of Portage.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

February 15, 1894, Charles E. Braden, who in fact was then the cashier of the Chemical Bank, made and delivered the following note:

"$5,000                        CHICAGO, ILL., Feb'y 15, 1894.

Four months ―― days after date I promise to pay to the order of Theodore Wetmore five thousand dollars at Chemical National Bank of Chicago, value received, with interest at the rate of six per cent per annum after due, having deposited with this note, as collateral security, certificate No. 477 for fifty shares stock of Chemical National Bank of Chicago, par value $100 per share, which said security or any part thereof, I hereby give the legal owner or owners authority to sell on the maturity of this note, or at any time thereafter, or before, in the event of said security depreciating in value, at public or private sale, at his discretion, without advertising the same, or giving me any notice, and to apply so much of the proceeds thereof to the payment of this note, as may be necessary to pay the same, with all interest due thereon; and also to the payment of all expenses attending the sale of said collateral security; and in case the proceeds of the sale of said collateral security shall not cover the principal, interest and expenses, I promise to pay the deficiency forthwith after such sale, with interest at six per cent per annum.   And it is hereby agreed and understood that if recourse is had to said collateral, any excess of collateral upon this note shall be applicable to any other note or claim held by said owner or owners against me, and in case of any exchange of, or addition to, the collateral above named, the provisions of this note shall extend to such new or additional collateral.

                                     C. E. BRADEN."

Wetmore indorsed the note "without recourse" and the City Bank sues, holding the note.

There is no uncertainty about the facts.   The Chemical Bank wanted the money, and Braden, with the advice and consent of the president and assistant cashier of the Chemical Bank, made the note and pledged the fifty shares of stock,

which in fact did belong to the Chemical Bank, and got the money for its own use. Braden had no interest in the whole transaction.

The Chemical Bank shows how it acquired the stock, and objects that the mode was *ultra vires;* but what possible difference can it make between these parties whether the transaction by which the Chemical Bank obtained the stock, be defensible or not? It had the stock, and borrowed money on it, and how it got it can be of interest to the City Bank only if somebody else shall claim it. The note was the note of the Chemical Bank, being made in the form determined by the officers of that bank, and to secure the repayment of money borrowed for the use of that bank. And the City Bank holding the note under a blank indorsement, was entitled to sue upon it. The judgment is affirmed.